IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANKET VYAS, as liquidating agent
for and on behalf of Q3 I, L.P.,

    Plaintiff,

v.

RICHARD B. LEVIN, an individual,
and POLSINELLI PC, a Missouri
Professional Corporation,

    Defendants.
_____/

Case No.: 8:22-cv-000071

## JOINT MOTION TO MODIFY DEADLINES IN THE
## CASE MANAGEMENT AND SCHEDULING ORDER

Plaintiff, Sanket Vyas, as liquidating agent for and on behalf of Q3 I, L.P., and Defendants, Richard B. Levin and Polsinelli PC, (Plaintiff and Defendants collectively the "Parties"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 16(b)(4) and Local Rule 3.08(a), submit this Joint Motion to Modify Deadlines in the Case Management and Scheduling Order (the "Motion") to modify the following deadlines as follows:

|  |  | Current Deadline | Proposed Amended Deadline |
|---|---|---|---|
| Disclosure of Expert Reports | | | |
| | Plaintiff: | 9/15/22 | 11/15/22 |
| | Defendants: | 10/14/21 | 12/15/22 |
| | Rebuttal: | 11/15/22 | 1/3/23 |
| Fact Discovery | | 12/15/22 | 12/15/22 |

| Expert Discovery | 12/15/22 | 2/13/23 |
| --- | --- | --- |
| Daubert Motions | 1/17/23 | 3/1/23 |

In support of the Motion, the Parties submit the following memorandum.

**Memorandum**

In the course of discovery, the Parties encountered unique privilege issues concerning responsive documents owing to the prior relationship between non-party, Q3 I, L.P. ("Q3I"), Q3I's general partner, Q3 Holdings, LLC ("Q3 Holdings"), and the attorney-client relationship Defendants asserted existed between them and Q3 Holdings, whom Defendants maintain was their former client. Notably, the Parties agree there was an attorney-client relationship at issue in this action, though they disagree as to who the Defendants' client was.

These privilege issues required more analysis and delayed production of relevant and responsive documents through no fault of any of the Parties. The privilege issues even went before the Honorable Magistrate Judge Tuite who noted the many complexities the privilege issues might pose. Recently, the Parties came to a mutual agreement and amicably resolved the privilege issues without further Court involvement. This has allowed them to move forward with discovery. The time elapsed in resolving the privilege issues in this matter constitutes good cause to modify the deadlines as requested jointly by the Parties, especially as the Parties anticipate documents impacted by those privilege issues will be relevant for experts in preparing an expert report in this action.

Additionally, the lawsuit involves a voluminous amount of electronically stored information ("ESI"), which Plaintiff has diligently been producing to the Defendants in tranches. Given the volume of ESI, Plaintiff is still in the process of producing ESI to the Defendants. Accordingly, while depositions have already begun and are continuing to be set in this matter, those depositions are occurring later than was initially expected, and issues raised at these depositions will be relevant for the Parties' respective experts as they prepare their reports.

In the Scheduling Order ("CMO") [DE 34], the Court states in relevant part that deadlines will not be extended "absent a showing of good cause." DE 34 Section II.B.2.  In the same CMO section, the Court further notes:

> A motion to extend an established deadline normally will be denied if the motion fails to recite that: 1) the motion is joint or unopposed; 2) the additional discovery is necessary for specified reasons; 3) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 4) all parties agree that any discovery conducted after the dispositive motions date established in this Order will not be available for summary judgment purposes; and 5) no party will use the granting of the extension in support of a motion to extend another date or deadline.

In its Endorsed Order [DE 35], the Court also states "short extensions, especially if unopposed, will be favorably considered."  As noted above, good cause supports the Parties' joint request for short extensions to the deadlines concerning the Disclosure of Expert Reports, Expert Discovery, and *Daubert* Motions.

Further, the five conditions outlined in the CMO above are satisfied here. First, this is a joint motion. Second, the Parties have a specific reason why the extension of the requested deadlines is necessary – their experts need to be able to review relevant documents previously unavailable while privilege issues were being resolved as well as review issues raised in depositions that were delayed due to the same privilege issues as well as the voluminous nature of ESI in this matter. Third, the Parties agree the requested extensions will not affect the dispositive motions deadline or the trial date. Fourth, the Parties agree any discovery conducted after the dispositive motions date established in the CMO will not be available for summary judgment purposes. Lastly, the Parties will not use the granting of the extensions requested in support of a motion to extend another date or deadline.

## Conclusion

Good cause exists to modify the deadlines, and all five conditions set forth in the CMO above are satisfied here. Further, modifying the deadlines for the disclosure of expert reports, expert discovery, and *Daubert* motions will not unduly delay this litigation—the trial term will remain the same, as will the dispositive motion deadline. Additionally, modifying the deadlines requested will not prejudice the Parties, increase judicial work, or harm judicial economy.

WHEREFORE Plaintiff and Defendants jointly request that this Court modify the deadlines associated with the Disclosure of Expert Reports, Expert Discovery,

and *Daubert* Motions as requested in the table above and for any other relief this Court deems just and proper.

Dated: September 9, 2022

Respectfully Submitted,

*/s/ Garrett Severson*
Paul Thanasides
Florida Bar No.: 103039
paul@mcintyrefirm.com
clservice@mcintyrefirm.com
Garrett Severson
Florida Bar No. 108259
garrett@mcintyrefirm.com
complexlit@mcintyrefirm.com
McIntyre Thanasides Bringgold Elliott
   Grimaldi Guito & Matthews, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL 33602
Telephone: 813.223.0000
Facsimile: 813.225.1221

**Attorneys for Plaintiff**

Respectfully Submitted,

*By: Daniel S. Bitran*
Isaac J. Mitrani
Florida Bar No. 348538
Daniel S. Bitran
Florida Bar No. 124041
Mitrani, Rynor, Adamsky & Toland, P.A.
301 Arthur Godfrey Road, PH
Miami Beach, FL 33140
Tel.: 305-358-0050
Fax: 305-358-0550
imitrani@mitrani.com
cayala@mitrani.com
dbitran@mitrani.com

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record:

*/s/ Garrett Severson*
Attorney