UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANKET VYAS as liquidating agent for and on behalf of Q3 I, L.P.,

Plaintiff,

v. Case No. 8:22-cv-71-VMC-CPT

POLSINELLI PC, a Missouri professional corporation,

Defendant.
_________________________________/

**ORDER**

This matter comes before the Court upon consideration of Plaintiff Sanket Vyas's Motion for Reconsideration (Doc. # 89), filed on March 15, 2023. Defendant Polsinelli, PC, filed its response on March 29, 2023. (Doc. # 92). For the reasons that follow, the Motion is denied.

**I. Background**

In its March 8, 2023, order, the Court denied Mr. Vyas's Motion for Leave to Serve and Use Supplemental Expert Report at Trial, determining that Mr. Vyas had demonstrated neither the good cause nor the excusable neglect necessary to extend the already-expired deadline to disclose expert reports under Federal Rule of Civil Procedure 16(b). (Doc. # 85 at 7-9). Now, Mr. Vyas seeks reconsideration of the Court's order.

(Doc. # 89). Polsinelli responded (Doc. # 92), and the Motion is ripe for review.

## II. Legal Standard

"Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration." Beach Terrace Condo. Ass'n, Inc. v. Goldring Invs., No. 8:15-cv-1117-VMC-TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). "The time when the party files the motion determines whether the motion will be evaluated under Rule 59(e) or Rule 60." Id. "A Rule 59(e) motion must be filed within 28 days after the entry of the judgment." Id. "Motions filed after the 28–day period will be decided under Federal Rule of Civil Procedure 60(b)." Id.

Here, the Motion was filed within 28 days of the entry of judgment, so Rule 59 applies. "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 F. App'x 679, 680 (11th Cir. 2014) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)).

Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. DeRochemont, No. 8:10-cr-287-SCB-MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012) (citation omitted). Furthermore,

"[a] motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010) (citation omitted).

**III. Analysis**

Here, Mr. Vyas has not raised sufficient grounds for reconsideration. Instead he simply reiterates that his expert could not have known the information relevant to his supplemental report until three weeks before the disclosure deadline and, therefore, he should be allowed to serve the report nearly three months after the deadline. (Doc. # 89 at 7-9). The Court clearly addressed this argument in its prior order:

> Mr. Vyas contends that three weeks was not enough time to review and organize the relevant documents for Professor Alfieri's review. However, that reason alone does not justify Mr. Vyas's decision to serve Professor Alfieri's supplemental report nearly three months after the disclosure deadline and after the dispositive motions deadline passed. Mr. Vyas does not give any reason why his delay in serving the supplemental report was so long or why he waited until Polsinelli served its motion for summary judgment.

(Doc. # 85 at 7). In the instant Motion, Mr. Vyas again fails to explain the months-long delay in serving the supplemental expert report on Polsinelli.

Mr. Vyas has not come forward with new evidence, nor has he demonstrated that reconsideration is necessary to correct an error or to prevent manifest injustice. This Court gave careful consideration to his motion to extend the expert disclosure deadline and ultimately determined that the motion should be denied. Rather than providing a new perspective on the issues, he has, instead, reasserted his prior arguments, which this Court has thoroughly addressed.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

Plaintiff Sanket Vyas's Motion for Reconsideration (Doc. # 89) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of April, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE