UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANKET VYAS, as liquidating
agent for and on behalf of
Q3 I, L.P.,

        Plaintiff,

v.                                Case No. 8:22-cv-71-VMC-CPT


POLSINELLI PC, a Missouri
professional corporation,

        Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Sanket Vyas's Motion to Dismiss Case Voluntarily Without Prejudice (Doc. # 114), filed on May 5, 2023. Defendant Polsinelli, PC, filed its response on May 17, 2023. (Doc. # 118). For the reasons that follow, the Motion is denied.

**I.   Background**

This case involves several counts of alleged professional negligence and breach of fiduciary duty on the part of Polsinelli.

Vyas filed his complaint in state court on December 3, 2021, and Polsinelli removed the case to this Court on January 7, 2022. (Doc. # 1). The Court entered a Case Management and

Scheduling Order on March 15, 2022, setting April 29, 2022, as the deadline to file motions to amend pleadings. (Doc. # 34). The Court set the discovery deadline for December 15, 2022, and the dispositive motions deadline for February 17, 2023. (Id.).

On September 6, 2022, Vyas obtained a draft copy of the key memorandum from June 2019. (Doc. # 81 at 6 n. 1). Vyas claims that the June 2019 memorandum brought to light a new instance of negligence that occurred in May 2019. (Doc. # 114 at 1). On September 9, 2022, Vyas served his first request for production and received Polsinelli's production on September 20, 2022. (Doc. # 81 at 5). In this first official production, Vyas again received the June 2019 memorandum. (Doc. # 83 at 4). A month later, on October 27, 2022, Vyas received Polsinelli's supplemental production, which included other relevant emails and versions of the memo at issue. (Doc. # 81 at 5).

On February 16, 2023, Polsinelli filed a motion for summary judgment (Doc. # 78), and both parties filed Daubert motions on March 31, 2023. (Doc. ## 98-100). All motions have been fully briefed. On March 8, 2023, the Court denied Vyas's Motion for Extension of Time of Expert Disclosure Deadline to Permit Plaintiff to Serve and Use Supplemental Expert Report

at Trial, and denied his motion for reconsideration on April 6, 2023. (Doc. ## 85, 105).

Vyas filed his Motion to Dismiss Case Voluntarily Without Prejudice on May 5, 2023. (Doc. # 114). Polsinelli responded on May 17, 2023. (Doc. # 118). The Motion is now ripe for review.

## II.   <u>Legal Standard</u>

"Rule 41(a) of the Federal Rules of Civil Procedure governs a plaintiff's ability to dismiss an action voluntarily and without prejudice. The rule allows a plaintiff to do so without seeking leave of court, as long as the defendant has not yet filed an answer or a motion for summary judgment." <u>Arias v. Cameron</u>, 776 F.3d 1262, 1268 (11th Cir. 2015) (internal citations omitted). But, if the defendant has filed an answer or motion for summary judgment,

> an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which unfairly

affect the other side, and to permit the imposition of curative conditions.'" Arias, 776 F.3d at 1268 (quoting McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856 (11th Cir. 1986)).

"A district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." Id. "Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." Id. In determining whether a defendant will suffer clear legal prejudice, "the Court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence . . . in prosecuting the action, insufficient explanation for . . . a dismissal, and whether a motion for summary judgment has been filed by the defendant." Peterson v. Comenity Capital Bank, No. 6:14-cv-614-CEM-TBS, 2016 WL 3675457, at *1 (M.D. Fla. May 3, 2016) (quoting Pezold Air Charters v. Phx. Corp., 192 F.R.D. 721, 728 (M.D. Fla. 2000)); see also Potenberg v. Boston Sci. Corp., 252 F.3d 1253, 1259 n.5 & 1259-60 (11th Cir. 2001) (describing these factors as a guide, rather than a mandatory checklist, which derives from Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir. 1969)). Ultimately, "[t]he court's

4

task is to 'weigh the relevant equities and do justice between

the parties.'" <u>Goodwin v. Reynolds</u>, 757 F.3d 1216, 1219 (11th

Cir. 2014) (quoting <u>McCants</u>, 781 F.2d at 857). Furthermore,

> [i]t is no bar to a voluntary dismissal that the
> plaintiff may obtain some tactical advantage over
> the defendant in future litigation. Dismissal may
> be inappropriate, however, if it would cause the
> defendant to lose a substantial right. Another
> relevant consideration is whether the plaintiff's
> counsel has acted in bad faith.

<u>Id.</u> (internal citations and quotation marks omitted).

**III.  <u>Analysis</u>**

Vyas's Motion to Dismiss Case Voluntarily Without

Prejudice was filed after both the answer and the motion for

summary judgment were filed. (Doc. ## 47, 78). Vyas thus needs

Court approval. Vyas seeks to dismiss his case because he

claims that an additional instance of negligence in May 2019

was "hidden from Q3I until discovery revealed it in this case,

and could not have been discovered without the discovery

afforded by this case." (Doc. # 114 at 1-2). Because the May

2019 negligence was "hidden," Vyas states that his expert,

Arnold Spencer, was unable to include the negligence in his

expert report. (<u>Id.</u>). Now, Vyas would like to dismiss this

case and start anew in Missouri. (Doc. # 122). Polsinelli

opposes the Motion, contending that it will be prejudiced by

the dismissal and that Vyas is simply trying to avoid the

Court's ruling denying his motion to serve a supplemental expert report. (Doc. # 117 at 11-14).

Here, the balance of equities weighs in favor of denying the Motion. This case began more than eighteen months ago in December 2021. Since then, the parties have fully briefed multiple substantive motions, engaged in a lengthy discovery process, and begun to prepare for trial. Vyas's plea that he was only able to uncover this additional instance of negligence through discovery is unavailing. Parties frequently unearth new information during discovery. See Adv. Com. Notes, 1946 Amendment, Fed. R. Civ. P. 26. ("The purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case."). A party's proper course of action upon discovering this information is to promptly move to amend the complaint – an action Vyas never sought to undertake — and to promptly move for an extension of time for an expert to review the new discovery and supplement his report in light of that discovery.

At this stage of the litigation, Polsinelli would be prejudiced by a voluntary dismissal without prejudice. Polsinelli has prepared for trial, which is set for the next month's trial term. It has fully briefed a motion to dismiss,

a motion for summary judgment, three Daubert motions, motions in limine, and several motions related to extensions of time. If the Court granted this Motion, Polsinelli would have to undergo another round of extensive discovery and motions practice, which would be subject to different local rules and perhaps require securing local counsel licensed to practice in Missouri.

The Court is also mindful of how long an entirely new case would take to get to trial. The alleged negligence occurred four years ago, and if the parties started this case again from square one, Polsinelli could be prejudiced by the reduced availability and recollection of witnesses. See Fisher v. Puerto Rico Marine Mgmt., Inc., 940 F.2d 1502, 1503 (11th Cir. 1991) (affirming district court's finding that dismissal "would result in plain prejudice to defendant in several ways beyond the mere prospect of a second suit" in part because "dismissal might have a prejudicial impact upon the availability and recollection of witnesses").

The factors listed above, which aid courts in balancing the equities, weigh in favor of denying voluntary dismissal without prejudice. Vyas has not been diligent in filing this Motion. Vyas has known about the June 2019 memorandum, at the very least, since September 2022, and only attempted to serve

his supplemental expert report on February 21, 2023. Yet, he waited until May 2023 – eight months after discovering the relevant memo and two months after the Court denied his motion to serve the supplemental expert report – to file this Motion. Vyas does not provide a reasonable explanation for this delay in his Motion. see Fisher v. Puerto Rico Marine Mgmt., Inc., 940 F.2d 1502, 1503 (11th Cir. 1991) (affirming district court's denial of motion to voluntarily dismiss where plaintiff filed motion "well over a month after the latest date on which she might have discovered the information that supported these motions").

Additionally, Vyas's reason for seeking voluntary dismissal is insufficient to outweigh the prejudice to Polsinelli. Vyas admits that it would like to dismiss this case because the Court ruled that he could not serve a supplemental expert report. (Doc. # 114 at 2). Attempting to avoid the consequences of an adverse ruling, particularly at this late stage of the case, is an inadequate reason for dismissing a case without prejudice. See McBride v. JLG Indus., Inc., 189 F. App'x 876, 878 (11th Cir. 2006) (affirming district court's denial of motion to voluntarily dismiss without prejudice where considerable "time [] had passed since the case was filed, the many motions filed, and

the discovery produced" and the district court found the plaintiff was "solely motivated to avoid an expected adverse ruling on Defendants' summary judgment motions").

On the eve of trial, without ever attempting to file an amended complaint including this information, Vyas now seeks a do-over. The Court will not grant Vyas's last-ditch effort to avoid an adverse ruling, particularly when the issue stems from Vyas's own inaction.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Plaintiff Sanket Vyas's Motion to Dismiss Case Voluntarily Without Prejudice (Doc. # 114) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>8th</u> day of June, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE