IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANKET VYAS, as liquidating agent
for and on behalf of Q3 I, L.P.,

    Plaintiff,

v.

Case No.: 8:22-cv-000071

RICHARD B. LEVIN, an individual,
and POLSINELLI PC, a Missouri
Professional Corporation,

    Defendants.

_____/

## PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff Sanket Vyas, as liquidating agent for and on behalf of Q3 I, L.P., pursuant to Rule 37 of the Federal Rules of Civil Procedure and the Court's inherent authority to prevent use of privilege as a sword and shield, hereby requests Defendant Polsinelli, P.C. be sanctioned for refusing to answer 30(b)(6) deposition questions about its affirmative defenses based on attorney-client privilege, including a restriction on the introduction of evidence that Polsinelli refused to disclose and an adverse inference instruction to the jury concerning evidence that was shielded using the improper privilege assertion. In support, Vyas states as follows.

## BACKGROUND

1. On June 1, 2023, Defendant filed its Answer and Affirmative Defenses, listing a total of 13 affirmative defenses. (Dkt. #47).

2. Pursuant to this Court's Case Management and Scheduling Order, the deadline to complete discovery was December 15, 2022. (Dkt. #34).[1]

3. On October 5, 2022, Vyas's counsel sent counsel for Polsinelli the areas of inquiry to be included in Vyas's Rule 30(b)(6) Notice.

4. The parties discussed the areas of inquiry and the Rule 30(b)(6) Notice, and upon agreement of the parties, the deposition of Polsinelli's corporate representative was conducted on January 24, 2023, after the discovery deadline.

5. During that deposition, Polsinelli's corporate representative refused to identify the bases for nearly all of Polsinelli's affirmative defenses, claiming the attorney-client privilege protected disclosure of the facts because the representative only became aware of the facts through communications with counsel. *But See Palma v. Metro PCS Wireless, Inc.*, No. 8:13-cv-698-T-33MAP, 2014 WL 1900102, at *2 (M.D. Fla. 2014) ("There is a heightened risk of indirect disclosure of information protected by the attorney work product doctrine when inquiring into affirmative defenses. Nonetheless, that doctrine does not protect the facts a Rule

---

[1] On September 23, 2022, this Court granted in part the parties' Joint Motion to Modify Deadlines in the Case Management and Scheduling Order (Dkt. #64), extending only the expert discovery deadlines.

2

30(b)(6) deponent is aware of that support a particular allegation in the corporation's answer.") (internal citations omitted); *Hickman v. Taylor*, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451 (1947) (work product protection does not extend to facts the attorney has in his possession).

6. The representative, Douglas Laird, who is Polsinelli's general counsel, confirmed that he was appearing as Defendant's corporate representative and that he had the ability to waive the privilege, but was refusing to do so:

> Q. Okay. And you're not – you're refusing to identify any specific documents that support that contention.
>
> A. I'm not refusing.
>
> I'm saying that I can't answer your question because it's – it's only based upon a privileged communication.
>
> I guess – I apologize. I don't mean to parse terms with you, but I'm unable to give you any information because it would only be based upon privileged communication.
>
> Q. Well, you're the corporate representative of Polsinelli PC, correct?
>
> A. That's correct.
>
> Q. And the client holds the privilege in the attorney-client privilege, correct?
>
> A. That's correct.
>
> Q. So you're here in the shoes of Polsinelli PC. Polsinelli can waive that privilege, correct?
>
> A. It is possible to waive the privilege, but I – I didn't, but in the guidance and instruction of counsel, I refuse to do so.
>
> Q. So you're not – okay. So you're not waiving the privilege as to that question.

3

      A. I am not waiving the privilege.

Laird Dep., 67:5-68:4.

7. Attached as **Exhibit A** is a table identifying Polsinelli's representative's responses to questions about each of Polsinelli's 13 affirmative defenses. The deposition transcript is also attached hereto as **Exhibit B**.

8. As reflected in the transcript of the 30(b)(6) deposition, Polsinelli identified <u>three</u> documents that support its 13 affirmative defenses and refused to identify any other evidence based on privilege. The three pieces of evidence identified by Polsinelli (collectively, the "Three Identified Items") are: 1) the engagement agreement between Q3 Holdings and Polsinelli; 2) the federal complaint (indictment) filed against Mr. Ackerman; and 3) Polsinelli's motion to dismiss.

9. Polsinelli should not be able to introduce evidence other than the Three Identified Items at trial to support any of its 13 affirmative defenses. Otherwise, Polsinelli would be permitted to use its privilege assertion as both a sword and shield.

10. In addition to the testimony contained in the chart in **Exhibit A**, Polsinelli supplemented its responses in an off-the-record discussion with counsel by stating that it was relying on all discovery, past and future, for its affirmative defenses. The parties stipulated that Polsinelli could supplement its deposition answers accordingly. Counsel went back on the record to announce the stipulation to Polsinelli's supplemented answer:

>MR. SEVERSON: All right. And counsel and I have just I think reached a stipulation as to the facts that Polsinelli intends to rely upon for its – to support its affirmative defenses, and if I'm – correct me if I'm misstating this, Isaac, but the agreement is that the facts Polsinelli is relying upon are contained in the discovery exchange between the parties and in the deposition transcripts taken in this case.
>
>MR. MITRANI: That's correct. In addition, Garrett, any future depositions that we might take.

Laird Dep., 56:17-2.

11. Importantly, counsel for Dr. Vyas ***did not*** agree that the purportedly supplemented answer was sufficient or appropriate and did not waive any rights concerning the vague, sweeping statement.

12. Indeed, after stipulating to allow Polsinelli's counsel to supplement its corporate representative's deposition answers by referring Vyas to all discovery in the case, past and future, counsel for Dr. Vyas asked for specifics:

>Q. Okay. So your counsel and I have agreed that, you know, there's no – there's no information outside the documentary production, but I do have some questions about these affirmative defenses. So for the first one, comparative negligence –
>
>MR. MITRANI: Garrett, may I just add, outside of the documentary production and deposition testimony.
>
>MR. SEVERSON: Yes. I'm sorry. And deposition testimony taken in this case.
>
>Q. (By Mr. Severson) What information in that documentary production or in those depositions is

> Polsinelli relying on in support of its comparative negligence defense?

Laird Dep., 65:4-17. Polsinelli continued to refuse to identify the evidence it was relying on to support its affirmative defenses, again asserting privilege in response to the follow up questions. *See generally* Laird Dep., 65:18-78:21.

13.  Merely stating that the bases for the affirmative defenses are located somewhere in a mountain of unspecified evidence is not a sufficient answer to a 30(b)(6) deposition inquiry. In his capacity as corporate representative, Mr. Laird was required to identify the bases for Polsinelli's affirmative defenses, not refuse to answer based on privilege and then invite Vyas to go fish.

## MEMORANDUM OF LAW

"[T]he attorney-client privilege was intended as a shield, not a sword. [A] defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes." *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386 (11th Cir. 1994) (cleaned up) (citing *GAB Business Services, Inc. v. Syndicate 627*, 809 F.2d 755, 762 (11th Cir.1987) (applying Florida law) and *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)).

In *Cary Oil*, the court held,

> Plaintiffs contend that MG should not be permitted to introduce any sort of evidence regarding its motivations in entering into the Consent Order because MG prevented Plaintiffs' inquiries about such motives during discovery by asserting the attorney-client privilege. Plaintiffs are

6

> correct that the attorney client-privilege cannot at once be used as a shield and a sword. **In other words, Defendants cannot refuse to answer questions regarding their internal discussions and negotiations with the CFTC while invoking those same communications in mounting a defense. … [T]o the extent that Defendants have withheld facts from discovery that relate to the Consent Order, they will not be allowed to introduce such facts in any form at trial**.

*Cary Oil Co., Inc. v. MG Refining & Marketing, Inc.*, 257 F.Supp.2d 751, 761 (S.D.N.Y. 2003). This case is on all fours with *Cary Oil* for purposes of the relief requested herein. The sanctions requested by Vyas are the same sanctions imposed by the court in *Cary Oil*.

If a party could use the privilege as both a sword and a shield, the party "could selectively disclose fragments helpful to its cause, entomb other (unhelpful) fragments, and in that way kidnap the truth-seeking process." *In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 24 (1st Cir.2003). The sword and shield doctrine is designed "to protect against the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable." *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 286 F.R.D. 661, 664–65 (S.D. Fla. 2012).

In *Kearney*, this Court found that there are two appropriate sanctions for an assertion of privilege that thwarts discovery:

> "Under the sword and shield doctrine, a party who raises a claim that will necessarily require proof by way of a privileged communication cannot insist that the communication is privileged." *Allstate Ins. Co. v. Levesque,* 263 F.R.D. 663, 667 (M.D.Fla.2010); *see also GAB Bus. Servs., Inc. v. Syndicate 627,* 809 F.2d 755, 762 (11th Cir.1987). **When an abuse has occurred under this doctrine, courts may invoke a variety of sanctions, including preventing the withholding party from unfairly prejudicing the other party by precluding the introduction of evidence previously withheld on privilege grounds**, *SEC v. Zimmerman,* 854 F.Supp. 896, 899 (N.D.Ga.1993), **or ordering that the party's failure to produce the evidence gives rise to the presumption that the evidence is unfavorable.** *See Mikhlyn v. Bove,* No. 08–CV–03367, 2011 WL 4529619, at *3 (E.D.N.Y. Aug. 3, 2011). … In short, this type of litigation "gotcha" strategy clogs courts with discovery motions. Both parties know quite well that Plaintiffs want to ascertain the reasons behind the denial of penalty relief with or without the document requests. Defendant relied on its privilege claims to obstruct Plaintiffs' discovery efforts.

*Kearney Partners Fund, LLC ex rel. Lincoln Partners Fund, LLC v. United States*, 946 F. Supp. 2d 1302, 1317-18 (M.D. Fla. 2013) (emphasis added).

Rule 37(c)(1) likewise provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

8

> (B) may inform the jury of the party's failure; and
>
> **(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).**

Fed. R. Civ. P. 37(c)(1) (emphasis added). The sanctions listed in Rule 37(b)(2)(A) include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> **(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;**
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (emphasis added).

Another factually similar scenario occurred in *Wright v. Cleveland Clinic Fla.*, No. 21-60309-CIV, 2021 WL 8566739, at *1 (S.D. Fla. Oct. 12, 2021). There, the plaintiff asked the Court to, among other things, impose sanctions against the defendant pursuant to Rule 37 for "Defense Counsel's Inappropriate Instructions to

9

her Client not to Answer Deposition Questions." *Id.* Specifically, the plaintiff requested that the defendant be barred from "offering any summary judgment or trial testimony on topics which the Corporate Representative did not answer." *Id.* at *2.

Relying on *Wausau Underwriters Ins. Co., v. Danfoss*, LLC, 310 F.R.D. 683, 685 (S.D. Fla. 2015), the *Wright* Court held that, because discovery had already passed, the appropriate remedy was to preclude the defendant from offering "any testimonial evidence regarding their collective position on the notice topics contrary to or in addition to what [their representative] answered on their behalf." *Id* at *3.

The *Wright* Court also relied on *Kartagener v. Carnival Corp.*, 380 F. Supp. 3d 1290, 1296 (S.D. Fla. 2019), wherein "the Court imposed sanctions binding the defendant to its corporate representative's testimony and precluding them from later introducing testimony which included information that the corporate representative could not provide." *Id.* The *Wright* Court noted that "[t]he Court in *Kartagener* reasoned that this remedy was proper because it would be unfair to allow the plaintiff to surprise the defendant with evidence that it had previously failed to disclose." *Id.*

Thus, the *Wright* Court held: "Defendant shall be precluded from offering summary judgement or trial testimony on the 30(b)(6) noticed topics which Plaintiff's counsel inquired about during the corporate deposition, beyond the responses Mr. McDonald was able to provide." *Id.*

Here, as in *Wright*, the parties conducted the deposition close to or after the discovery deadline[2] and after having engaged in multiple conversations with Defendant regarding the areas of inquiry in Plaintiff's Rule 30(b)(6) Notice. And, as in *Wright*, the deponent, Mr. Laird, was instructed by his counsel not to answer certain questions, and as a result, did not provide any factual or documentary basis for **any** of Defendant's thirteen affirmative defenses.

Moreover, unlike *Wright* and *Kartagener*, Defendant here did not make any objections to the relevant portions of the Amended Rule 30(b)(6) Notice, which read:

> 16. Any facts and/or documents supporting or relating to any of Polsinelli's affirmative defenses alleged in its Answer and Affirmative Defenses filed on June 1, 2022. This area of inquiry does not include any privileged information or documentation.

*See* **Exhibit C** (Plaintiff's Rule 30(b)(6) Notice). And Mr. Laird testified that he was the designated corporate representative for each area of inquiry in the Notice, and that he was prepared to give testimony on each area of inquiry. Laird Dep., 11:23-12:4. Also unlike *Wright*, there was no confusion here as to whether Mr. Laird was being deposed as a corporate representative or in his individual capacity. *See* Laird Dep., 67:5-68:4; *Wright,* at *4 ("[T]here was confusion between the parties as to

---

[2] The subject deposition in *Wright* occurred just two weeks before the discovery deadline. *See id.*, at *2-*3 ("Defendant served its objections to Plaintiff's 5th Rule 30(b)(6) deposition notice on September 14, 2021, one day before Plaintiff's deposition of the corporate representative took place. … The Court [] notes that the discovery cutoff date of October 1, 2021, has already passed.")

11

whether Mr. McDonald was being deposed as a corporate representative or in his individual capacity.").

Defendant's attempts, whether purposeful or inadvertent, to conduct a trial by ambush should not be allowed, as it would unfairly and irreparably prejudice Plaintiff.

For these reasons, Plaintiff requests that this Court enter an order:

a. precluding the introduction of evidence previously withheld on privilege grounds, thereby limiting the evidence Polsinelli can use to support its affirmative defenses to the Three Identified Items; and

b. ruling that the jury shall be instructed of Defendant's failure to identify any evidence to support its affirmative defenses other than the Three Identified Items and that the failure to do so gives rise to the presumption that the evidence is unfavorable.

## LOCAL RULE 3.01(G) CERTIFICATE OF GOOD-FAITH CONFERRAL

I HEREBY CERTIFY that I conferred with counsel for Defendant via telephone on July 3, 2023, regarding the relief sought herein and that Defendant opposes such relief.

Dated: July 4, 2023

                                                                       Respectfully Submitted,

                                                                       */s/ Paul Thanasides*
                                                                       Paul Thanasides

>Florida Bar No.: 103039
>paul@mcintyrefirm.com
>clservice@mcintyrefirm.com
>Garrett Severson
>Florida Bar No. 108259
>garrett@mcintyrefirm.com
>complexlit@mcintyrefirm.com
>Jorge Callaos
>Florida Bar No.: 1020500
>jcallaos@mcintyrefirm.com
>complexlit@mcintyrefirm.com
>McIntyre Thanasides Bringgold Elliott
>   Grimaldi Guito & Matthews, P.A.
>500 E. Kennedy Blvd., Suite 200
>Tampa, FL 33602
>Telephone: 813.223.0000
>Facsimile: 813.225.1221
>***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 4, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

>*/s/ Paul Thanasides*
>Attorney