```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

SANKET VYAS as liquidating
agent for and on behalf of
Q3 I, L.P.,

    Plaintiff,

v.                              Case No. 8:22-cv-71-VMC-CPT

POLSINELLI PC, a Missouri
professional corporation,

    Defendant.
_____/

## ORDER

This matter comes before the Court upon consideration of Plaintiff Sanket Vyas's Motion for Reconsideration (Doc. # 134), filed on July 4, 2023. Defendant Polsinelli, PC, filed its response on July 17, 2023. (Doc. # 147). For the reasons that follow, the Motion is denied.

## I. Background

In its June 30, 2023, Order, the Court granted Polsinelli's motion for partial summary judgment on the issue of damages. (Doc. # 132 at 45). The Court limited Vyas's potential damages to "monies wrongfully distributed by Q3H after October 9, 2019." (Id.). Now, Vyas seeks reconsideration of the Court's Order. (Doc. # 134). Specifically, he requests that the Court modify its Order to

1

reflect that damages are "limited to damages incurred by Q3I after October 9, 2019." (Id. at 3). Polsinelli responded (Doc. # 147), and the Motion is ripe for review.

## II.   Legal Standard

"Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration." Beach Terrace Condo. Ass'n, Inc. v. Goldring Invs., No. 8:15-cv-1117-VMC-TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). "The time when the party files the motion determines whether the motion will be evaluated under Rule 59(e) or Rule 60." Id. "A Rule 59(e) motion must be filed within 28 days after the entry of the judgment." Id. "Motions filed after the 28-day period will be decided under Federal Rule of Civil Procedure 60(b)." Id.

Here, the Motion was filed within 28 days of the entry of judgment, so Rule 59 applies. "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 F. App'x 679, 680 (11th Cir. 2014) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)).

Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. DeRochemont, No. 8:10-cr-287-SCB-MAP, 2012 WL 13510, at *2

2

(M.D. Fla. Jan. 4, 2012) (citation omitted). Furthermore, "[a] motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010) (citation omitted).

## III. Analysis

Here, Vyas has not raised sufficient grounds for reconsideration.

First, Vyas waived any argument that damages should include any amount other than that wrongfully distributed by Q3H after October 9, 2019. In his response to Polsinelli's motion for partial summary judgment, Vyas did not dispute that damages should be limited to monies wrongfully distributed by Q3H – instead he disputed that October 9, 2019, was the appropriate date for such a limitation. See (Doc. # 97 at 26-27) (claiming there were other instances of negligence prior to October 9, 2019). He thus abandoned any argument he could have made regarding that limitation. See Penmont, LLC v. Blue Ridge Piedmont, LLC, 607 F. Supp. 2d 1266, 1269 (M.D. Ala. 2009) ("Because Penmont did not raise the argument in opposition to defendants' motion to dismiss, the argument is deemed abandoned." (citing Road Sprinkler

3

Fitters Local Union No. 669 v. Indep. Sprinkler Corp., 10 F.3d 1563, 1568 (11th Cir. 1994))); see also Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000) (collecting cases indicating that "failure to brief and argue [an] issue during the proceedings before the district court is grounds for finding that the issue has been abandoned"). Further, Vyas's Motion must also be denied because he fails to cite any legal authority for his position that limiting damages to monies wrongfully distributed by Q3H constitutes a legal or factual error. This also constitutes waiver. See Horowitz v. Allied Marine, Inc., No. 21-CV-60358, 2023 WL 3568113, at *9 (S.D. Fla. May 19, 2023) ("Having thus failed to invoke any proper legal authority for his position, Horowitz has waived any argument he might've had on this issue." (citing United States v. Esformes, 60 F.4th 621, 635 (11th Cir. 2023))).

Second, even if he had not waived his argument, Vyas has not demonstrated that reconsideration is required to correct clear error. As discussed in the Court's Order, Vyas only has a claim for damages proximately caused by Polsinelli's alleged negligence. In asking for reconsideration, Vyas maintains that the Court "did not analyze whether Q3I's loss of over $1,000,000 directly from its account after October 9,

4

2019, as part of the government's seizure, is recoverable by Q3I." (Doc. # 134 at 2). Vyas does not explain – and the Court does not see – the connection between money seized by the government due to Q3I's distinct wrongdoing (running a fraudulent cryptocurrency club) and Polsinelli's alleged advice that the flow of profits directly from Q3I to Q3H was acceptable.

Vyas abandoned any argument he could have raised regarding the appropriateness of limited damages to monies wrongfully distributed to Q3H, and he has not demonstrated that reconsideration is necessary to correct an error or to prevent manifest injustice. This Court gave careful consideration to Polsinelli's motion for partial summary judgment and determined that it should be granted.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Sanket Vyas's Motion for Reconsideration (Doc. # 134) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of July, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5