UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANKET VYAS, as liquidating
agent for and on behalf of
Q3 I, L.P.,

    Plaintiff,

v.                     Case No. 8:22-cv-71-VMC-CPT

POLSINELLI PC, a Missouri
Professional Corporation,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Sanket Vyas's Motion for Sanctions (Doc. # 137), filed on July 4, 2023, in which Vyas seeks to sanction Polsinelli for allegedly improperly objecting to questions during a 30(b)(6) deposition on the basis of attorney-client privilege. Defendant Polsinelli PC filed its response on July 17, 2023. (Doc. # 148). For the reasons that follow, the Motion is denied.

I. **Background**

In its Amended Case Management and Scheduling Order ("CMSO"), the Court set the discovery deadline for this case as December 15, 2022. (Doc. # 101). Nevertheless, the parties agreed that Vyas would depose Douglas Laird, Polsinelli's

1

30(b)(6) corporate representative, on January 24, 2023. (Doc. # 137-2). Prior to the deposition the parties agreed that Mr. Laird would provide information regarding the following area of inquiry:

> Any facts and/or documents supporting or relating to any of Polsinelli's affirmative defenses alleged in its Answer and Affirmative Defenses filed on June 1, 2022. This area of inquiry **does not include any privileged information** or documentation.

(Doc. # 137-3 at 7; Doc. # 148-1) (emphasis added). Consistent with this area of inquiry, Vyas's counsel asked Mr. Laird questions regarding Polsinelli's affirmative defenses. See, e.g., (Id. at 39:11-14) ("Okay. The first affirmative defense is comparative negligence. What are the facts that Polsinelli is relying on with respect to that affirmative defense?"). Polsinelli's counsel objected, and Mr. Laird refused to answer the questions when his knowledge came solely from discussions with counsel while preparing for this case. (Id. at 39:15-23). Mr. Laird specifically identified three documents to support Polsinelli's affirmative defenses: an engagement agreement between a Q3 entity and Polsinelli, the federal indictment against Michael Ackerman, and Polsinelli's motion to dismiss. (Doc. # 137-1).

During Mr. Laird's deposition, counsel for the parties went off the record and reached the following stipulation:

> [Vyas's counsel]: All right. And counsel and I have just I think reached a stipulation as to the facts that Polsinelli intends to rely upon for its – to support its affirmative defenses, and if I'm – correct me if I'm misstating this, Isaac, but the agreement is that the facts Polsinelli is relying upon are contained in the discovery exchange between the parties and in the deposition transcripts taken in this case.
>
> [Polsinelli's counsel]: That's correct. In addition, Garrett, any future depositions that we might take.

(Id. at 56:17-57:2).

In the Amended CMSO, the Court set May 15, 2023, as the deadline for all motions other than dispositive and Daubert motions. (Doc. # 101). Vyas filed his Motion for Sanctions on July 4, 2023. (Doc. # 137). Polsinelli responded on July 17, 2023. (Doc. # 148). The Motion is now ripe for review.

## II. Legal Standard

"A party seeking the extension of an already-expired scheduling order deadline must show both good cause and excusable neglect." Payne v. C.R. Bard, Inc., 606 F. App'x 940, 944 (11th Cir. 2015). Indeed, Rule 16(b), which governs such extension requests, requires a showing of good cause to deviate from the deadline set in the scheduling order. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "To establish good cause a party must show that the schedule [could not] be

3

met despite the diligence of the party seeking the extension." Payne, 606 F. App'x at 944 (internal quotations omitted). A district court is not obligated to extend case deadlines, and may "hold litigants to the clear terms of the scheduling order." Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1307 (11th Cir. 2011).

Federal Rule of Civil Procedure 37(c)(1) states that when "a party fails to provide information or identify a witness as required by [Federal Rule of Civil Procedure] 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37 allows a district court to prohibit a party from introducing designated matters in evidence for violating Rule 26. Mitchell v. Ford Motor Co., 318 F. App'x 821, 824 (11th Cir. 2009) (citing Fed. R. Civ. P. 37(c)(1)).

### III. Analysis

According to Vyas, the Court should bar Polsinelli from relying during trial on any documents not specifically identified in Mr. Laird's deposition to support its affirmative defenses. (Doc. # 137). Polsinelli contends that

4

Vyas's Motion is untimely and that it had a good-faith basis to object to Vyas's questions. (Doc. # 148).

The Court finds that Vyas's Motion is untimely and that he has failed to demonstrate either good cause or excusable neglect for filing the Motion after the deadline. The Court set the discovery deadline for December 15, 2022, and the deadline for all other motions for May 15, 2023. The Court stated in the amended CMSO that "[t]he deadlines established . . . are not advisory but must be complied with absent approval of the Court." (Doc. # 101 at 4). Vyas chose to wait nearly two months after the all other motions deadline, until July 4, 2023, to file its Motion seeking sanctions for an alleged discovery violation that occurred on January 24, 2023.

Again, a party seeking to file a motion after the deadline has passed must show both good cause and excusable neglect. <u>Payne</u>, 606 F. App'x at 944. Vyas has not even attempted to show either, and the Court sees no reason why it should excuse Vyas's delay. The Court also notes that Vyas chose to take Mr. Laird's deposition outside of the discovery period. In accordance with the Middle District of Florida's Civil Discovery Handbook, "[c]ounsel, by agreement, may conduct discovery after the formal completion date but should

5

not expect the Court to resolve discovery disputes arising after the discovery completion date." Gov't Emps. Ins. Co. v. Merced, No. 8:20-cv-802-KKM-AAS, 2022 WL 218485, at *1 (M.D. Fla. Jan. 25, 2022) (quoting Middle District Discovery (2015) at I.F.).

Even if Vyas's Motion had been timely filed, the Court is not convinced that Polsinelli should be barred from introducing all but three documents to support its affirmative defenses. Many district courts have found that objections during 30(b)(6) depositions on the basis of attorney-client privilege are appropriate. See, e.g., Sec. & Exch. Comm'n v. McGinnis, No. 5:14-CV-6, 2015 WL 13505396, at *7 (D. Vt. Jan. 13, 2015) ("[W]here a party seeks to depose a Rule 30(b)(6) witness with no independent knowledge of the facts, 'unjustified disclosure of the opinions and mental process of counsel may occur' if the deposed person is required to select and compile certain facts and asked to reveal their source[.]"); Trustees of Bos. Univ. v. Everlight Elecs. Co., No. 12-CV-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery.").

Here, Vyas agreed prior to the deposition that the area of inquiry regarding Polsinelli's affirmative defenses would not include privileged information. Further, Polsinelli's objections during Mr. Laird's deposition did not prevent Vyas from seeking the relevant information from an alternative source. Polsinelli objected to Mr. Laird revealing privileged conversations with Polsinelli's attorneys – it did not object to turning over all documents relevant to its affirmative defenses. Vyas neither conferred with Polsinelli after Mr. Laird's deposition nor did he serve contention interrogatories on Polsinelli.

This is not a situation in which the Court believes such dramatic sanctions – essentially preventing a party from supporting any of its affirmative defenses with any evidence – are warranted.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Sanket Vyas's Motion for Sanctions (Doc. # 137) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>24th</u> day of July, 2023.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE